144

Tolles, Hogsett & Ginn and W. T. Kinder, all of Cleveland, Ohio, and Synnestvedt & Lechner and Arthur Synnestvedt, all of Philadelphia, Pa., for plaintiff.

Henry D. Williams and Howard M. Morse, both of New York City, Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and Williams, Rich & Morse and Giles S. Rich, all of New York City, for defendant.

JONES, District Judge.

This matter was referred to the Master, in the hope of facilitating trial and disposition, and to conserve the time of the Court necessary to be given to other pressing litigation. There is presently greater need of conservation than when the matter was referred. It was fully heard and briefed before the Master and he has filed an extensive report with findings of fact and conclusions of law in respect of both patents in issue. Request has been made by the plaintiff for oral argument. The defendant has filed a memorandum opposing the granting of oral argument on the ground that further argument is unnecessary.

Upon examination, it is my opinion that the issues upon which decision of the case turns do not seem to involve such technical considerations as to require oral argument. The questions turn largely upon the construction and breadth of claims; whether a blanket coverage of all substances of the kind and class of the one specifically mentioned in the claim may be included as elements of discovery.

May any and all substitution products of thio-urea be withdrawn from use by the public without further characterization or disclosure of how or in what manner any such product may be effectively used in the process?

The Master stated in his report, on page 27, that:

"This record is replete with evidence adduced by both parties indicating that in order to know what thio-ureas may be successfully used and in what proportions, skilled chemists must resort to extensive experiments. There is positive evidence that many thio-ureas are not inhibitors at all, or if they are, that their effect is too slight to permit of their practical use. * * *

"I doubt very much whether it (the specification) can be said to be addressed only to highly skilled chemists such as those who have testified in this case, and I think it is plain from the evidence that only such would be able to determine what thio-ureas, other than those of the examples, in what quantities, would be usable for this purpose, and this in some cases at least, only after exhaustive experiments."

These reactions of the Master to the evidence are persuasive in overcoming any presumption of validity residing in the patent grant.

After full consideration, I am unable to find a substantial point of disagreement with the Master's findings and conclusions. It is elemental that the patent monopoly may not be extended beyond the disclosure of the claims. I suppose the discovery that a known chemical will operate in a known process to accomplish a new and useful result, may be the subject of patent, but to extend the legal effect of the discovery to include all and any substitution products of such chemical without disclosure of their character and the manner of their use would be to grant more than the patentee is entitled, and in my opinion would be contrary to the objects of the patent laws and against public policy.

The addition of thio-urea in a definite quantity to the acid pickling bath well may have resulted in a new and effective process for minimizing metal dissolution; but extending the claims to cover all thio-urea substitution products goes beyond the field of discovery and invention which may be protected by patent from the public. Discovery without clear and precise disclosure cannot receive the rewards of patent monopoly.

It is strikingly evident from a fair consideration of the precise claims that effective use of substitution products of the specified chemical only could be revealed after extended experiments in pickling; and the rule that a claim so broad as to cover all substances of a specified kind or class may be held invalid has more persuasive force where, as here, many of the substitution products of the specified chemical are not usable or effective for the purpose, and it is not disclosed how or in what proportion they may be useful and effective inhibiting elements in the pickling process. The broad coverage asserted for the patent claims in issue cannot be sustained.

In respect of the Cravell and Douty patent, I find no satisfactory reason for extending the limitations placed upon the claims by the Indiana court on October 21, 1938.

As limited, I think the Master rightly found non-infringement.

The plaintiff complains of two faults in the Master's findings and conclusions in respect of this patent: that the Master limited the claims on the basis of the prior art, although rejecting alleged anticipation; that even as limited the Master should have found infringement, due to the presence of effective amounts of ammonium thiocyanate in defendant's formula. But I think the limitation must be applied not only for the reasons given in respect of the Schmidt and Lee process claims, but because of what had previously been practiced in the pickling art. With full appreciation of the technical and expert understanding required adequately to appraise evidence and opinions respecting chemicals and their reactions upon test, I do assert with becoming modesty that a native sense repels the reach sought for the claims of these patents.

The exceptions will be denied, report of the Master approved and confirmed, and his findings and conclusions adopted.